Novello, Appellant, *v.* Zoning Board of Adjustment.

Argued January 4, 1956. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Raymond J. Porreca,* for appellants.

*David E. Pinsky,* Assistant City Solicitor, with him *Matthew W. Bullock, Jr.,* Assistant City Solicitor, and *Abraham L. Freedman,* City Solictor, for Zoning Board of Adjustment, appellees.

*Herbert S. Levin,* for intervenor-appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, March 13, 1956:

The question is whether the Board of Adjustment was authorized, under the Philadelphia Zoning Ordinance, to issue a certificate for permission to use a building as a "Car Wash" in an area zoned "A Commercial."

The building is located at the southwest corner of Broad and Reed Streets in Philadelphia. A church edifice which had stood there was abandoned by the church a few years ago. The four corners of the intersection are all zoned "A Commercial" and there are many stores and other non-residential establishments in the immediate vicinity. The appellants, who protested the issuance of a permit to the intervening defendant, Michael Felt, are owners and occupiers of properties on the east and west sides of the block between Reed and Dickinson Streets.

The Philadelphia Zoning Ordinance of August 10, 1933, section 16, as amended, after setting forth some 27 permitted uses in an "A Commercial" district, provides that "The following uses will be permitted only if a Board of Adjustment certificate, as hereinafter provided, is obtained:" The uses thus referred to are numbered from 28 to 36 inclusive. Number 32 embraces 3 types of garages, one of which is "A public or commercial garage or repair shop, gas and oil service

stations, . . .". Number 36 reads: "Uses customarily accessory and incidental to the permitted uses." A final number 37 provides that "A Use of the same general character as Uses 28 to 36 of this section may be permitted when authorized by a Board of Adjustment certificate as hereinafter provided."

The Zoning Board of Adjustment, after a public hearing, issued a certificate permitting Felt to demolish the church structure, erect a one-story building, and operate a car wash on the premises, subject to the qualification that the entrance and exit should be from Broad Street only, that the ground should be hard surfaced, that a suitable barrier should be erected, that no banners should be strung across the lot, and that lights should be focused downwards so as to prevent them from glaring into adjacent properties. The Court of Common Pleas, on appeal, affirmed the action of the Board.

From what has thus been stated it will be seen that section 16 of the Ordinance provides for two classes of uses, the one comprising those which are permitted unconditionally, and the other those which are allowed only if a Board of Adjustment certificate is obtained. If the use that was here applied for falls within those enumerated in the latter class, the applicant was not obliged, in order to obtain a certificate from the Board, to establish, as in the case of a variance, that an unnecessary hardship would result if a certificate were refused. The sole question for the Board's determination was whether a car wash fell within the purview of numbers 32, 36 and 37 of section 16 of the Ordinance, and whether the grant of a certificate for such use would be in general harmony with the standards set forth in section 3 of the enabling Act of May 6, 1929, P. L. 1551.

We are of opinion that the Board of Adjustment and the Court below properly concluded that the washing of cars is a use "customarily accessory and incidental to" the operation of "a public or commercial garage or repair shop, gas and oil service stations,"—indeed a normal, routine feature of such operation—and therefore that such a use is "of the same general character" as that ordinarily conducted in those establishments. This was clearly established by the testimony taken before the Board. Much was made by appellants of the fact that in garages the washing of cars is usually performed merely by manual labor with the use of a hose and wiping cloths, whereas here the proposed use involves the employment of machinery in the form of brushes operated by electric motors, with great quantities of water being dispersed through the brushes, with large amounts of steam generated, and with the car being pulled through the building by a conveyor chain which is likewise operated by a motor. Assuming this to be true, it amounts to nothing more than a difference in the degree of thoroughness with which the cars are washed, not to a difference in use as prescribed in the Ordinance. It must be borne in mind that the use numbered 37 in section 16 is not an *identical* use, but a use *"of the same general character"* as those enumerated in the section. Nor would the issuance of this certificate offend the purposes of zoning described in the enabling Act since the Board found, as did the Court below, that the operation of a car wash at the location in question would not cause traffic congestion or hazards, would not be inconsistent with the present and future growth, character and needs of the area, and would not adversely affect the health, morals, safety and general welfare of the neighborhood.

The order is affirmed.