Garner *v.* Zoning Board of Adjustment (et al., Appellant).

Argued November 23, 1956. Before JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Joseph W. Henderson,* with him *Bayard M. Graf,* and *Rawle & Henderson,* for intervenor, appellant.

*James L. Stern,* Deputy City Solicitor, with him *Gordon Cavanaugh,* Assistant City Solicitor, and *David Berger,* City Solicitor, for City of Philadelphia, intervening appellant.

*Abraham L. Shapiro,* for applicants, appellees.

OPINION BY MR. JUSTICE ARNOLD, March 18, 1957:

Intervenor, International Business Machines Corporation, appeals from the order of the court below reversing the order of the Board of Adjustment, which refused a certificate to appellees. The City of Philadelphia, by leave of this Court, intervened in this appeal.

The case is here on certiorari (*Veltri Zoning Case,* 355 Pa. 135, 49 A. 2d 369), and we therefore determine from the record only if the evidence sustains the findings of the court below, or if there is a manifest abuse of discretion or violation of law (*Schmidt v. Philadelphia Zoning Board of Adjustment,* 382 Pa. 521, 525, 526, 114 A. 2d 902), opinion by Justice JONES, now Chief Justice. Having examined the record, we cannot but hold that the appellees are entitled to the certificate they seek.

Appellees are the owners of a lot on Ogontz Avenue, located in an "A-Commercial" zone. The lot is approximately a block away from the intersection of Ogontz and Cheltenham Avenues, at the county line between Montgomery and Philadelphia Counties. The land fronts on Ogontz Avenue for an entire block, although the proposed building will occupy only 16 per cent of the lot, the entrance and exit of which will be on Ogontz Avenue. Located in the area are, inter alia, two-story commercial buildings, occupied by such businesses as gas stations, beauty parlor, bakery and meat shops, appliance and drug stores, and the like. Appellant has an office building in the area, and the Philadelphia Saving Fund Society has a branch bank nearby.

Appellees applied for a certificate to erect a car wash building on their premises, which had formerly been occupied by a gas station, and the Board refused on the basis that the proposed use would be contrary to public interest. In so doing, it declared the use would be offensive because of "noise" and "traffic hazards," and did not fit into the general character of the neighborhood.

On appeal, the court took further testimony and made a personal inspection of the site. It thereupon determined that the Board's action "was arbitrary and

without any substantial relation to the public health, safety or general welfare; . . . [and] was contrary to the weight of the evidence"; and directed issuance of the permit.

That such certificate for a car wash in the area zoned "A-Commercial" may be granted was declared by this Court in *Novello v. Zoning Board of Adjustment*, 384 Pa. 294, 121 A. 2d 91. We further pointed out, at page 296, in the case cited that ". . . the applicant was not obliged, in order to obtain a certificate from the Board, to establish, as in the case of a variance, that an unnecessary hardship would result if a certificate were refused." If the evidence failed to establish that such use would not be in harmony with the general purposes of zoning (Enabling Act of 1929, P. L. 1551, §3, 53 PS §3824), the certificate should be granted. Here, the Board failed to face the realities of the situation and made arbitrary findings not fully supported by the evidence; whereas the court's action was fully supported.

The evidence was that the building would be extremely modern and attractive, and, contrary to the finding of the Board, its use would not create offensive noise. In fact, the only testimony as to noise was given by the applicants, which was to the effect that the noise coefficient was less than that of a traffic intersection. More importantly affecting the Board's findings was the evidence as to possible increase in traffic hazards. As pointed out by the court below, the only evidence produced by the protestants in this regard was the declared "opinion" of several non-expert witnesses that such use of the premises would increase traffic. Yet the record shows that one of the protestants, who had constructed ten stores in the area, was contemplating construction of ten others—in themselves increasing traffic—which would make the area even more com-.

mercial. Further, the conjectured increase in traffic was not shown to be such as to adversely affect the zoned area. There appears no more reason to refuse this certificate than applied to the gas stations—all of which had to be granted a certificate before being placed in the area. Nor was there any foundation for the Board's finding that the use did not fit into the general character of the neighborhood—the evidence, as already indicated, was to the contrary. Cf. *Novello v. Zoning Board of Adjustment*, supra. The use was "a use of the same general character" as those provided for in the pertinent section of the Zoning Ordinance. The area was already commercial, and was fast becoming more highly commercialized.

The evidence relied upon to sustain the Board's action is wholly lacking in quality necessary to support them, and the court below correctly decided that it was a manifest abuse of discretion. The court's findings, moreover, were fully sustained by the evidence.

Order affirmed at cost of appellant, International Business Machines Corporation.