Gibson v. Zoning Board of Adjustment

*Robert B. Greer* and *Butler, Beatty, Greer & Johnson,* for appellants.

*Lindenmuth & Class,* for zoning board of adjustment.

SWENEY, P. J., May 31, 1957.—This is an appeal by Donald A. Gibson, a funeral director, from the refusal of the Zoning Board of Adjustment of the Township of Marple to grant a variance for a funeral parlor in an "R-1" and "R-C" residence zone.

Appellants purchased a property at the northeast corner of Sproul Road (Route 320) and Lawrence Road, in Marple Township, this county, with a frontage on Sproul Road of 469 feet and on Lawrence Road of 565 feet and extending to Paxon Hollow Road, on which it has a frontage of 416 feet. The improvements consisted of a large stone house of good design, an attached portion formerly containing baking ovens, and the stone foundation of an old barn, on which there is being erected a three-car garage, with dimensions of 26 feet by 35 feet; the house, which was in bad repair when purchased is being remodeled.

The land, fronting on Sproul Road, is zoned "R-1" for a depth of 180 feet and the remainder of the land is zoned "R-C". Under the Marple Township Zoning Ordinance, land in an "R-1" zone and in an "R-C" zone may be used for the following purposes:

"Section 301. 1. Single-family detached dwelling.

"2. Educational, religious or philanthropic use, hospital or sanitarium, when authorized as a special exception.

"3. Club, fraternity house, lodge, animal farm, public stable or riding academy, when authorized as a special exception.

"4. Municipal recreational use, telephone central office, and railway or bus passenger station.

"7. Accessory use on the same lot with and customarily incidental to any of the above permitted uses. The term 'accessory use' shall not include a business but shall include a professional office or studio and rooms for home occupation if located in a dwelling in which the practitioner resides, or in a building accessory thereto, if no goods are publicly displayed on the premises, and no sign or advertisement is shown other than a sign not larger than twelve (12") inches by thirty (30") inches bearing the name and occupation (words only) of the practioner."

The lot area requirement in an "R-C" zone is 20,-000 square feet and, in an "R-1" zone, it is 12,000 square feet.

Donald A. Gibson, one of appellants, is a licensed undertaker and experienced in his profession.

Appellants have sold to the Belmont Baptist Church an "L" shaped tract of land, with a frontage on Sproul Road of 266 feet, on Lawrence Road 100 feet and on Paxon Hollow Road 416 feet. They are left with a lot, having an approximate frontage on Sproul Road of 203 feet with a depth on Lawrence Road of 316 feet, which lot contains the house and other improvements above referred to.

The church intends to build a chapel and Sunday school on the Sproul Road and Paxon Hollow Road frontage and a parsonage on the Lawrence Road frontage.

Appellants, if permitted to conduct a funeral parlor on the property, intend to tear down the present barn and to build a three-car garage, to construct a circular

drive capable of letting a procession form in the property, with entrance and exit on Lawrence Road, to provide facilities to take care of three bodies at a time, to make no change to the outside appearance of the home, to provide off-street parking by building a parking area on the property, to provide additional landscaping and planting to provide proper screening, to display caskets in a room in the home and to provide a private door in the rear of the property for entrance into the preparation room.

The southeast corner lot, with frontage on Sproul Road of 400 feet and a depth on Lawrence Road of 300 feet is presently zoned residential and is vacant land. Next to this property, to the south, is the large and new Lawrence Park Shopping Center, which has an area of 30 acres and accommodations for hundreds of automobiles. The Cerebral Palsy Hospital is located on the west side of Sproul Road, approximately 500 feet to 750 feet from appellants' property. With these exceptions, the neighborhood is residential.

On February 13, 1956, appellants applied to the building inspector of the township for a building permit to make certain alterations to the dwelling in order that part of it could be used as a funeral home. This application was denied on March 5, 1956, and, on March 12, 1956, an appeal was taken to the board of adjustment. On April 27, 1956, a hearing was held before the board and extensive testimony was taken. The board refused the application, assigning as the reasons therefor that (a) a funeral parlor in the center of a residential neighborhood has a depressing effect; (b) a traffic hazard would be created at this busy intersection; (c) property values would be adversely affected, and (d) the zoning code provides for a funeral home or mortuary in a "Business" district. On June 5, 1956, an appeal was taken to the Court of Common

Pleas of Delaware County, where additional testimony was taken. Now briefs have been submitted and the matter is ready for decision.

Appellants argue that the board of adjustment has abused its discretion in refusing this application because: (1) This property is subject to a nonconforming business use; (2) appellant, Donald A. Gibson, is engaged in a profession and is therefore entitled to conduct his profession as an auxiliary use from his home; and (3) appellants are entitled to the grant of a variance because of an unique, peculiar and special hardship.

This property was formerly owned by Mrs. Mildred E. French and Elizabeth Emmons. These ladies for some years were engaged in baking fruit or rum cakes, which they sold throughout the year at retail and wholesale, principally for Christmas use and to department stores in various parts of the country. This activity was chiefly conducted in a building attached to the main house and contained baking ovens. In 1944 or 1945, Mrs. French and Mrs. Emmons employed four persons to assist in the work of mixing, baking and packing cakes. There was a small sign on the property and, in the telephone directory, the listing was "Aunt Martha's Wayside Farm." We cannot find sufficient credible testimony to sustain appellants' position that there was a nonconforming use of this property for business purposes. If the property was used as a bakery, the only testimony discloses that this use was in 1944 or 1945 and there is no proof that this use continued. We must conclude that the use was abandoned.

The next question is whether a funeral director is engaged in a profession or in business. Judge Kreider, in Paxtang Borough Board of Adjustment v. Arnold, 8 D. & C. 2d 98 (1955), decided that the practice of funeral directing is a profession and that a funeral

parlor is permissible in a residential district. Judge Kun, in the case of Hewlett v. Zoning Board of Adjustment, 8 D. & C. 2d 75 (1956), holds that funeral directing is a business and not a profession. We agree with the learned judge from Philadelphia and hold that funeral directing is not a profession. We feel that this is particularly true as we read the Zoning Ordinance of Marple Township as to "Accessory Use" and find that the term includes "a professional office or studio and rooms for home occupation if located in a dwelling in which the practitioner resides, or in a building accessory thereto, *if no goods are publicly displayed on the premises.*" (Italics supplied.)

Also, we think there is a real analogy here with the beauty shop, where this same question was raised and finally decided by this court in favor of business, in a well written opinion by our Judge Diggins, in re Appeal of Bonasi et ux., 42 Del. Co. 128, affirmed by our Supreme Court in Bonasi v. Haverford Township Board of Adjustment, 382 Pa. 307 (1955).

Finally, appellants contend that they are entitled to a variance because the property is subject to a special hardship due to the fact that recently there has been opened a large shopping center on Sproul Road 400 feet south of Lawrence Road and because appellants believe that the vacant lot across Lawrence Road from their property, although zoned residential may be used for some other purpose.

We cannot feel that this is a special hardship, which affects appellants' property alone. Rather, it seems to us a general hardship, if hardship it is, which affects the entire residential area of which appellants' property is a part. This being the case, appellants have shown no special hardship and are not entitled to a variance: Michener Appeal, 382 Pa. 401.

But appellants submit that it is not necessary for them to prove hardship. They contend that the zoning ordinance here imposes a restriction on the use of property that is clearly invalid because it does not fairly bear any substantial relation to health, safety, morals or general welfare and, therefore, the same hardship required to support a variance need not be shown. To support this contention, they cite Novello v. Board of Adjustment, 384 Pa. 294; Garner v. Board of Adjustment, 388 Pa. 98, and Baronoff v. Board of Adjustment, 385 Pa. 110.

The Novello case and the Garner case are plainly distinguishable from the instant case. The decision in these cases was that, where the Philadelphia Zoning Ordinance gives the board of adjustment the right to issue a certificate for permitted use, the applicant was not obliged to establish, as in the case of a variance, that an unnecessary hardship would result if a certificate were refused. In the Baronoff case, the decision was that the zoning ordinance deprived the applicant of his property without due process of law and without compensation.

We hereby enter the following

### Decree Nisi

And now, May 31, 1957, it is ordered and decreed that the appeal of Donald A. Gibson and Christine B. Gibson, his wife, be, and the same is hereby, dismissed; appellants are directed to pay the costs.

The prothonotary is directed to give notice immediately to the parties or their attorneys of record of the filing of the above decree nisi and, if no exceptions be filed thereto within 20 days after the service of such notice, to enter upon praecipe the said decree nisi as a final decree.

### Opinion Sur Exceptions

This case comes before the court en banc upon the exceptions of appellants to the decree nisi of the trial judge, who heard this matter and dismissed the ap-

peal. Donald A. Gibson and Christine B. Gibson, his wife, purchased a dwelling and lot or piece of land at the corner of Sproul Road and Lawrence Road, in the Township of Marple, this county; they sold part of the property for use as a church and manse and have retained the balance; Donald A. Gibson is an undertaker and desires to use the property remaining for a funeral home.

Appellants contend that funeral directing is a profession; that the zoning ordinance gives to the board of adjustment the right to grant a special exception for the practicing of this profession in a residential district; that they are entitled to a variance because of special hardship; that the property is subject to a nonconforming use, and that they are entitled to a decree on the basis that they have been deprived of the right to use their property without reasonable relation to the maintenance of health, safety and general welfare of the community.

The trial judge dismissed the appeal, and we agree that funeral directing is not a profession, that the property is not subject to a nonconforming use, that there is no provision in the ordinance for a special exception and that there is no special unnecessary hardship which would warrant the granting of a variance.

However, we are impressed with the general situation which affects this entire area which arises from the Lawrence Park Shopping Center, erected on Sproul Road some 400 feet from appellants' property. Appellants argue that (a) the church buildings, being erected on part of the property, which they owned and sold to the church, will act as a shield or barrier between the main complainant and their proposed funeral home; (b) neighbors close to the property are not objecting to this application; (c) by competent evidence, a need for this facility has been demonstrated;

(d) the shopping center south of their property has changed the complexion of the entire area; (e) the lot immediately across Lawrence Road from their property is undeveloped but is owned by commercial or business interests connected with the shopping center; (f) there is a cerebral palsy hospital on the west side of Sproul Road three or four hundred feet south of appellants' property, and, as a consequence, a just and proper decision of this case requires that appellants be permitted to use their property as requested.

There is no argument but that appellants' property is large enough that funeral processions could form within the property, that there is plenty of space for off-street parking, and that there would be no noticeable increase in traffic.

The only question is whether this court has the legal authority to grant relief, bearing in mind that our Supreme Court has repeatedly held that equitable principles are not applicable to zoning cases. Appellants have called to our attention the recent utterances of our Supreme Court and say to us that these cases indicate a broadening or liberality in the court's thinking. May we, therefore, decide questions of constitutionality of zoning ordinances under the appeal provision of the statute or, if an ordinance is unconstitutional as to a particular property, may we decree the allowance of the use requested without a show of hardship?

Under the Act of June 24, 1931, P. L. 1206, art. XXXI, sec. 3107, amended by the Act of May 27, 1949, P. L. 1955, sec. 59, 53 PS §58107, the board of adjustment has the power "to hear and decide appeals where it is alleged there is error in any order, requirement, decision, or determination made by an administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto."

In Archbishop O'Hara's Appeal, 389 Pa. 35, 52, the Supreme Court says, "The board's jurisdiction is limited to three classes; appeals, requests for a 'special exception' and requests for a 'variance'."

Later at page 57, the court quotes, with emphasis, White's Appeal, 287 Pa. 259, " 'all property is held in subordination to the right of its reasonable regulation by the government *clearly necessary* to preserve the health, safety or morals (or general welfare) of the people . . . There is one matter that is quite certain, *the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety, and general welfare* . . . While such regulations may not physically take the property, they do so regulate its use as to deprive the owner of a substantial right therein *without compensation . . . "the right to acquire and own property, and to deal with it and use it as the owner chooses, so long as the use harms nobody, is a natural right."* ' "

The cases of Baronoff v. Zoning Board of Adjustment, 385 Pa. 110; Medinger Appeal, 377 Pa. 217, and Schmalz v. Buckingham Township Zoning Board, 389 Pa. 295, grant variances on the ground that the ordinance in a certain particular is unconstitutional. "Unnecessary hardship" seems unimportant, the findings indicate that the ordinances involved had no relation to the public good as it applied to health, safety and the general welfare.

However, the statutory requirement for the granting of a variance is "unnecessary hardship." It seems to us far more clear cut if we can decide upon appeal from the action of an administrative officer that there is obviously a variance situation, that relief is indi-

cated and that, consequently, relief may be given. If relief is proper because the provision of an ordinance is an illegal attempt to exercise the police power, the error in the decision of the administrative officer or of the zoning board of adjustment should be the justification or reason for relief, rather than unconstitutionality or labored "unnecessary hardship" (particularly where it must have particular application to the property in question: Michener's Appeal, 382 Pa. 401).

We find it hard to distinguish between "unconstitutionality" and "unnecessary hardship." To us, they are often identical terms. The true test in either case is whether the regulation relative to a particular property is a proper use of police power. Such a holding relieves against unconstitutionality without declaring the ordinance, or part of it, void; it permits a deviation from the ordinance through the prescribed statutory procedure which empowers the zoning board to control the details of each case.

And so, as to the case before us, we look at the entire picture and see that the zoning ordinance permits a church to be built next to appellants' property; that the zoning board granted the right to operate a cerebral palsy hospital and a stupendous shopping center, which changes the entire area. The board, having so acted, cannot, in conscience, say to appellants that they cannot use their property for a funeral home. " 'The applicant was not obliged, in order to obtain a certificate from the board, to establish, as in the case of a variance, that an unnecessary hardship would result if a certificate were refused.' If the evidence failed to establish that such use would not be in harmony with the general purposes of zoning, . . . the certificate should be granted": Garner v. Zoning Board of Adjustment, 388 Pa. 98, 101.

Since all zoning cases must stand upon their own facts, we enter the following

*Decree*

And now, November 22, 1957, it is ordered and decreed that:

(a) The action of the Board of Adjustment of Marple Township in refusing the application of Donald A. Gibson and Christine B. Gibson, his wife, was arbitrary and capricious and the zoning ordinance is unconstitutional as to this particular property as it has no relation to health, safety or general welfare.

(b) The appeal of Donald A. Gibson and Christine B. Gibson, his wife, be, and it is hereby, sustained.

(c) The Zoning Board of Adjustment of Marple Township is ordered and decreed to issue its certificate to the said Donald A. Gibson and Christine B. Gibson, his wife, for use of their property at the corner of Sproul and Lawrence Roads, in the Township of Marple, County of Delaware and State of Pennsylvania, as a funeral home, subject to the following conditions and restrictions:

1. All funeral processions shall be formed on the property and adequate measures shall be taken to supervise and direct the processions as they enter the public roads;

2. Parking shall be provided on the premises so that there shall be no parking on Sproul or Lawrence Roads;

3. If flood lights are used on said property, they shall be located so that they do not shine upon neighboring property and shall be extinguished at 10 p. m. each evening.

(d) An exception is noted for all parties to this litigation.