Pennsylvania Industries for the Blind and Handicapped, Petitioner *v.* Commonwealth of Pennsylvania, State System of Higher Education, Respondent.

Argued October 15, 1984, before Judges ROGERS, DOYLE and COLINS, sitting as a panel of three.

*Mary D. France,* with her, *Richard W. Cleckner, Cleckner and Fearen,* for petitioner.

*Maura A. Johnston,* Deputy Attorney General, with her, *Allen C. Warshaw,* Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE COLINS, January 7, 1985:

Pennsylvania Industries for the Blind and Handicapped (petitioner) has moved for a Judgment on the Pleadings and declaratory relief regarding the applicability of Section 2409.1 of the Administrative Code of 1929[1] (Administrative Code) to the State System of Higher Education (respondent). We find in favor of petitioner and hold that respondent is bound by Section 2409.1 of the Administrative Code and is, therefore, required to purchase products and services from non-profit making agencies for the handicapped without competitive bidding, if furnished at fair market price.

This controversy arose as a result of the 1982 amendments to the Public School Code of 1949.[2] This legislation created respondent agency to function independently of the Department of Education. Prior to the enactment of Act 188, all purchasing for institutions of higher education was governed by the Administrative Code through the Department of General Services. Under Section 2409.1 of the Administrative Code, state colleges were required to purchase products and services from non-profit making agencies for the handicapped without competitive bidding if the agency was able to supply the products or services at their fair market price.

---

[1] Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §639.1.

[2] Act of November 12, 1982, P.L. 660, 24 P.S. §20-2001-A-20-2016-A.

Section 2010-A(10) of Act 188, however, gave the president of each state institution of higher education the power:

"Within the limitation of the operating budget and other available funds in accordance with the procedures established by the Board and with the approval of the local counsel, to negotiate and award all contracts for equipment, services and supplies in excess of a cost of Five Thousand Dollars ($5,000.00) on a competitive bid basis. . . ."

Upon passage of Act 188, petitioner was notified by the Vice Chancellor of Fiscal Affairs and Administration for respondent that non-profit making agencies for the handicapped would now be required to bid competitively for product and service contracts.

Petitioner then filed an Application in this Court for a Declaratory Judgment[3] contending that respondent is still required to comply with Section 2409.1 of the Administrative Code of 1929. Petitioner bases its claim on both the fact that respondent is a Commonwealth agency and that there has been no repeal by Act 188 of the Administrative Code as it applies here. We agree.

Section 2409.1(a) of the Administrative Code provides that all purchases and supplies "shall be purchased by the Commonwealth in accordance with the provisions of this section." This means that all agencies considered to be part of the Commonwealth must comply with Section 2409.1. Act 188, which created respondent, describes it as both a "governmental instrumentality"[4] and as "part of the Commonwealth's system of higher education."[5] Section

---

[3] 42 Pa. C. S. §§7531-7541.

[4] 24 P.S. §20-2002-A.

[5] 24 P.S. §20-2003-A.

4

4(c) of Act 188 also specifically states that: "Except as otherwise provided nothing herein contained shall be construed to repeal the Act . . . known as 'The Administrative Code of 1929. . . .' "[6] There is no explicit repeal of Section 2409.1 of the Administrative Code by any provision in Act 188.

Furthermore, "because implied repeals are not favored in the law, the legislative intent to impliedly repeal a statute by enacting another must be clearly shown." *Commonwealth v. Milano,* 300 Pa. Superior Ct. 251, 255, 446 A.2d 325, 327 (1982). *See also Bertin Realty Co. Appeal,* 83 Pa. Commonwealth Ct. 411, 416, 477 A.2d 603, 605 (1984). There is no such clear legislative intent to impliedly repeal Section 2409.1 of the Administrative Code as it applies to respondent. In addition, repeal by implication "arises only where language used in the later statute is irreconcilably repugnant to the provisions of the earlier statute so as absolutely to preclude a consonant construction of both." *Duda v. Board of Pharmacy,* 38 Pa. Commonwealth Ct. 378, 381, 393 A.2d 57, 59 (1978) (quoting *Parisi v. Philadelphia Zoning Board of Adjustment,* 393 Pa. 458, 143 A.2d 360 (1958)).

In the matter sub judice, the two statutes can be reconciled by merely carving out an exception to the requirement of competitive bidding under Act 188 for such non-profit making agencies as petitioner, which fall under Section 2409.1 of the Administrative Code.

For the reasons stated above, we find for petitioner and declare that respondent is required to comply with Section 2409.1 of the Administrative Code.

ORDER

AND Now, January 7, 1985, Petitioner's Motion for Summary Judgment is granted and we hereby

---

[6] 24 P.S. §4(c).

declare that the State System of Higher Education is required to purchase products and services from non-profit agencies for the handicapped without competitive bidding if furnished at fair market price pursuant to §2409.1 of the Administrative Code of 1929.