**Dr. Harry LEWIS, Plaintiff,**

v.

**Rod C. KELCHNER, Mansfield State College, now Mansfield University, and the Commonwealth of Pennsylvania, State System of Higher Education, Defendants.**

**Civ. No. 85–1795.**

United States District Court, M.D. Pennsylvania.

Oct. 30, 1986.

William A. Hebe, Spencer, Gleason & Hebe, Wellsboro, Pa., for plaintiff.

Susan J. Forney, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

MEMORANDUM AND ORDER

KOSIK, District Judge.

On December 9, 1985 the plaintiff, Dr. Harry Lewis, instituted this action pursuant to 42 U.S.C. § 1983 alleging that he was wrongfully discharged by Mansfield

State College [hereinafter Mansfield[1]]. On June 30, 1986 the plaintiff filed a motion for summary judgment with respect to the liability issues in this case. Also on June 30, 1986 the defendants jointly filed a motion for summary judgment. All of the supporting and opposing briefs for both plaintiff and defendants' motions have been submitted by counsel. Therefore the motions for summary judgment are ripe for disposition.

Specifically in his three [3] count complaint the plaintiff states that in October of 1980 he was hired by Mansfield as the Director of Grants and Contracts. Plaintiff worked for Mansfield until August 31, 1985 when his employment was terminated. As a result of this discharge from employment the plaintiff filed this action essentially claiming that he was not given any notice of hearing, or opportunity to be heard in connection with said discharge in violation of his civil rights. Plaintiff also raises a pendent state law claim for breach of contract. Plaintiff basically seeks reinstatement of his position with Mansfield along with money damages, both compensatory and punitive. The defendants on the other hand claim that the plaintiff's position was eliminated because of financial reasons and that this action should be dismissed for a number of reasons including the contention that it is barred by the Eleventh Amendment to the United States Constitution.

At the outset it should be noted that the plaintiff seeks to dismiss the defendants' motion for summary judgment with prejudice on grounds that said motion violated various sections of this Court's practice order dated December 16, 1985. However, the dismissal of this motion for violating the practice order is not available to the Court in this case as an option because the defendants' motion goes to the subject matter jurisdiction of the Court.

We need not address the other issues raised by defendants in their motion for summary judgment and the issues set forth in plaintiff's summary judgment motion, for we find the Eleventh Amendment challenge dispositive.

The Eleventh Amendment provides:

"The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state." U.S.C.A. Const. Amend. 11.

The interpretation of this amendment was expanded to include the notion that a federal court also could not entertain a suit brought by a citizen of a state against his own state. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Further, while a state may consent to suit against it in federal court, thus waiving its sovereign immunity, *Pennhurst,* supra, there is no question that the Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. 42 Pa.C.S.A. § 8521(b) provides:

"Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in federal court guaranteed by the Eleventh Amendment to the Constitution of the United States."

Moreover, in certain circumstances Congress has abrogated a state's Eleventh Amendment immunity. *See Hutto v. Finney,* 437 U.S. 678, 693–94, 98 S.Ct. 2565, 2574–75, 57 L.Ed.2d 522 (1978). However, when Congress enacted 42 U.S.C. § 1983 it did not eliminate the state's immunity. *Quern v. Jordan,* 440 U.S. 332, 340–41, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979).

Having determined that the Commonwealth has not waived its sovereign immunity and that Congress has not abrogated the Eleventh Amendment immunity in § 1983 actions, we must next consider whether the instant suit against Mansfield, Kelchner and the Pennsylvania State Sys-

---

**1.** Mansfield State College became Mansfield University pursuant to the enactment of 24 P.S. §§ 20–2001–A et seq., the statute which transformed the former state colleges into state universities, effective July 1, 1983. Also under the statute Mansfield became a part of the State System of Higher Education. *See* 24 P.S. § 20–2002–A(a)(10).

tem of Higher Education is in fact an action against the Commonwealth.

In support of their proposition that the Eleventh Amendment bars the instant suit the defendants cite the case of *Skehan v. Board of Trustees of Bloomsburg State College,* 590 F.2d 470 (3d Cir.1978), *cert. denied,* 444 U.S. 832, 100 S.Ct. 61, 62 L.Ed.2d 41 (1979). In *Skehan,* the court held that a "state college" is an entity of the Commonwealth for Eleventh Amendment purposes. *Id.* at 491.[2] Based upon *Skehan,* there is no question that a suit against a state college is prohibited by the Eleventh Amendment. In fact the plaintiff does not attempt to challenge the *Skehan* decision. Rather, the plaintiff contends that through the enactment of the State System for Higher Education, 24 P.S. §§ 20–2001–A et seq.,[3] the Pennsylvania legislature established an independent education system and one which is not a Commonwealth agency.[4] Thus plaintiff argues that this statute had the effect of abolishing the Eleventh Amendment protection, which was afforded to state colleges, for state universities.[5] This exact same contention which plaintiff now raises was recently rejected by this Court in *Wynne v. Shippensburg University, et al,* 639 F.Supp. 76 (M.D.Pa.1985).[6]

The plaintiff in *Wynne* alleged that Shippensburg State College, which was afforded the Eleventh Amendment's immunity by virtue of the *Skehan* case, was a different entity than Shippensburg University due to the enactment of 24 P.S. §§ 20–2001–A et seq. and that this statute changed the relationship between the Commonwealth and Shippensburg such that the university was not an agency of the state as was the college. *Id.* at 78–79. However, the court found no merit to this argument. In *Wynne,* the court applied the factors set out in *Urbano v. Board of Managers of*

*N.J. State Prison,* 415 F.2d 247, 250–51 (3d Cir.1969), *cert. denied,* 397 U.S. 948, 90 S.Ct. 967, 25 L.Ed.2d 129 to determine whether or not Shippensburg University was an agency of the state for Eleventh Amendment purposes. After analyzing the *Urbano* factors in order to determine if state universities are exempt from suit by the Eleventh Amendment, the *Wynne* Court concluded that Shippensburg University was an arm or an alter ego of the Commonwealth of Pennsylvania and thus protected by the Eleventh Amendment's immunity. *Wynne v. Shippensburg University,* supra, at 79–82. The *Wynne* Court reached the conclusion that Shippensburg University was a state agency because of the degree of control exercised over it by the Commonwealth of Pennsylvania. *Id.* at 82.

We hold that the *Wynne* case, which ruled that under the State System for Higher Education, 24 P.S. §§ 20–2001–A et seq., a state university was entitled to assert the Eleventh Amendment protection, is controlling in this case. Moreover, our defendant Mansfield is specifically enumerated in this statute along with Shippensburg.[7]

■ Accordingly, Mansfield University is a state agency and since we have determined that Pennsylvania has not waived its Eleventh Amendment immunity and that Congress has not abrogated the state's Eleventh Amendment protection in § 1983 actions, we shall dismiss this lawsuit as against defendant Mansfield.

■ We shall now address whether or not defendant Pennsylvania State System for Higher Education can assert the Eleventh Amendment's protection.

24 P.S. § 20–2002–A(a) provides that the State System of Higher Education is "a

---

**2.** A similar holding can be found in *Roseman v. Hassler,* 382 F.Supp. 1328 (W.D.Pa.1974), *aff'd* 520 F.2d 1364 (3d Cir.1975), *cert. denied,* 424 U.S. 921, 96 S.Ct. 1128, 47 L.Ed.2d 329 (1976), and *Williams v. West Chester State College,* 29 Pa.Cmwlth. 240, 370 A.2d 774 (1977).

**3.** This statute changed state colleges into state universities as noted in Footnote 1., supra.

**4.** *See* page 5, Doc. 24.

**5.** *See* page 4, Doc. 24.

**6.** A copy of the slip opinion is attached to Doc. 21.

**7.** *See* 24 P.S. § 20–2002–A(a)(10) and (12).

body corporate and politic constituting *a public corporation and government instrumentality....*" [Emphasis added].

Additionally the *Wynne* Court also dealt with the question of whether the Commonwealth System of Higher Education is a state agency. *Id.* at 79–80. In *Wynne*, the court relying upon the case of *Pa. Industries for the Blind & Handicapped v. Com. of Pa. State System of Higher Education,* 87 Pa.Cmwlth. 1, 485 A.2d 1233 (1985),[8] held that Pennsylvania Courts are likely to construe 24 P.S. §§ 20–2001–A et seq. as providing that the State System of Higher Education is an entity of the state. Therefore, since the *Wynne* decision found that the trend of the Pennsylvania Courts, as indicated by *Pennsylvania Industries,* is to construe the Commonwealth System of Higher Education as a state agency, we hold that the Eleventh Amendment bars this action as against the defendant Commonwealth of Pennsylvania State System of Higher Education.

■ Next we must consider plaintiff's complaint as against defendant Rod C. Kelchner. Defendant Kelchner is sued in this action both individually and as President of Mansfield University. The defendants maintain that the plaintiff may not sue state officials under the Eleventh Amendment and cite the United States Supreme Court cases of *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) and *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) as support for this proposition.

In *Graham* the Court held that the bar of the Eleventh Amendment, which prohibits a damages action against a state in federal court, "remains in effect when state officials are sued for damages in their official capacity." [Citations omitted]. *Kentucky v. Graham,* supra, 473 U.S. at 169, 105 S.Ct. at 3107. The Court stated that the Eleventh Amendment im-

munity applies to state officials because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents...." [Citation omitted]. *Id.* In response to the defendants' argument, plaintiff relies upon this Court's ruling in *Swinsick v. Mansfield State College, et al.,* Civil No. 80–1156 (M.D.Pa. January 26, 1981), Slip op. at p. 2,[9] which held that "[t]he Eleventh Amendment does not bar claims for prospective injunctive relief against the individual defendants in their official capacities requiring them to conform *future conduct* in the law, even though such an injunction may have some effect on the state treasury." [Citation omitted]. [Emphasis added]. However, in the *Swinsick* opinion the Court went on to state that the Eleventh Amendment bars an action against state officials in their official capacities seeking damages for *past wrongs. Id.* Slip op. at p. 3. [Emphasis added]. Also in *Pennhurst State School,* supra, 465 U.S. at 102–03, 104 S.Ct. at 909, our Supreme Court stated that "when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief." In the present case the plaintiff's complaint seeks an award of monetary damages as recompense for past wrongs from the defendant Kelchner in his official capacity and does not request an injunction as to Kelchner's future conduct as President of Mansfield.[10] Therefore, the plaintiff's claims seeking relief in the nature of damages from defendant Kelchner in his official capacity are barred by the Eleventh Amendment.

■ Now we are left to consider plaintiff's allegations against defendant Kelchner as an individual and his pendent state law claim for breach of contract. As stated, the plaintiff's complaint is brought against defendant Kelchner both as an indi-

---

**8.** It should be noted that *Pennsylvania Industries* was decided subsequent to the enactment of 24 P.S. §§ 20–2001–A et seq.

**9.** This opinion is not reported. A copy of the slip opinion is attached to Doc. 24.

**10.** *See* pages 7–8 and 9 of plaintiff's complaint, Doc. 1.

vidual and as President of Mansfield. However, plaintiff's allegations against defendant Kelchner only attack the defendant's actions as an official of Mansfield. The plaintiff does not once allege any wrongdoing on the part of Kelchner as an individual and in a nonofficial capacity. Since the complaint is void of any violations of plaintiff's rights by Kelchner as an individual, there is no genuine issue of material fact in this respect. Therefore, summary judgment shall be granted in favor of defendant Kelchner as an individual. *See Peterson v. Lehigh Valley Dist. Council,* 676 F.2d 81, 84 (3d Cir.1982).

Finally, the plaintiff's pendent state law claim for breach of contract will also be dismissed. In *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228 (1966), the Supreme Court stated that pendent jurisdiction lies within a court's discretion and is not a matter of plaintiff's right. The Court also noted that "if the federal claims are dismissed before trial, ..., the state claims should be dismissed as well." *Id.* Therefore in the case at bar, since we have ruled that the plaintiff's federal claims are barred by the Eleventh Amendment, we shall dismiss the state claim for breach of contract as well.[11]

An appropriate order shall be issued granting the defendants' motion for summary judgment and entering judgment in their favor and against the plaintiff.

## ORDER AND JUDGMENT

NOW, this 30th day of October, 1986, IT IS HEREBY ORDERED THAT:

[1] the defendants' motion for summary judgment is granted;

[2] the plaintiff's motion for summary judgment with respect to the liability issues is denied as moot;

[3] judgment is entered in favor of all of the defendants and against the plaintiff; and

11. The plaintiff can certainly pursue his breach of contract claim with the State Common Pleas

[4] the Clerk of Court is directed to close this case.