Commonwealth of Pennsylvania, Department of State, Commission of Professional and Occupational Affairs, State Real Estate Commission *v.* Ronald J. Rinck, Appellant.

Argued March 4, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Alan I. Baskin*, with him *Baskin, Mendelsohn & Leisawitz,* and, of counsel, *Mervin A. Heller, Jr.,* for appellant.

*Donald J. Murphy*, Deputy Attorney General, with him *William J. Wheeler, Jr.,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, April 23, 1976:

This is an appeal by Ronald J. Rinck from an order of the State Real Estate Commission dated April 23, 1975, suspending Rinck's real estate broker's license for a period of six months. Rinck raises several issues but we need only consider whether the procedure followed by the Commission violated Rinck's due process rights. We hold that it did and reverse.

During March of 1971 Rinck listed for sale a farm which included, among other things, a farmhouse owned by Paul Kramer. The listing was advertised in a local newspaper, and Mr. and Mrs. Sodoy T. Steigerwald called Rinck to make inquiry concerning "the location of the farm." The Steigerwalds, unaccompanied by Rinck, made a visit to the farm and Mrs. Steigerwald made an inspection of the interior of the building, noting that at least one fireplace extended into one of the rooms. The Commission found that the Steigerwalds asked Rinck at or about the time the formal sales agreement was signed whether the fireplaces extended into the rooms and Rinck confessed no knowledge on the subject. After a phone call to Kramer, Rinck informed the Steigerwalds that the fireplaces did not extend into the rooms. A sales agreement was executed, but the Steigerwalds thereafter unsuccessfully attempted to void the contract; and later signed an agreement with all of the other parties involved releasing all parties from "all legal liability" in consideration of the hand money ($7500) paid by them to Rinck as liquidated damages. The sales agreement was dated March 22, 1971, and the agreement to rescind is undated.

On July 6, 1971, Mr. Steigerwald filed a "sworn statement of complaint" on a Commission form in which, *inter alia*, he alleged a misrepresentation by Rinck concerning the location of the fireplaces. On September 30, 1971, the Commission sent a letter to Rinck advising him that an "informal hearing" would be held on the matter on October 26, 1971. The letter refers to the hearing in several different terms, e.g., "informal hearing"; "scheduled hearing"; and "hearing". Rinck was also advised to bring evidence, and that he could be represented by counsel. The hearing was held and both Stiegerwald and Rinck presented testimony and evidence. On November 17, 1971, Steigerwald was sent the following letter, copies of which were also sent to Rinck and his attorney:

"This is to advise you that the State Real Estate Commission has reviewed the complete file in the above captioned matter.

"As a result of its review, the Commission was unable to find that the broker committed any intentional or willful violation of the provisions of the Real Estate Brokers' License Act which would warrant the Commission taking disciplinary action against the broker.

*"The Commission has therefore dismissed the Complaint against the broker and is marking its file in the above matter 'Closed'."* (Emphasis added.)

The matter laid dormant from November 17, 1971, until June 1, 1974, (some two and a half years later) when Rinck received a notice of another hearing on the same complaint at the same docket number alleging the same allegations of misconduct which had been previously noted by the Commission as being dismissed. Over the objection of Rinck's counsel, a full hearing was held on June 12, 1974, after which the Commission issued its full adjudication and the order from which this appeal was taken.

There is no question that the Real Estate Brokers License Act, Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §431 et seq. authorizes the Commission to institute investigations. *See* Section 10 of the Act, 63 P.S. §440(a). We have no reservation that the Commission may confer with a licensee as part of that investigatory process. Section 10(d) of the Act, 63 P.S. §440(d), however, states unequivocally with respect to complaints of misconduct, that "[s]uch ruling or decision of the commission *shall be final* when in favor of the licensee and in dismissal of the complaint filed, if any." (Emphasis added.) Our review of this record leads us to the conclusion that the proceedings held in 1971 constituted a full hearing on the merits of the complaint and an adjudication in favor of Rinck. Consequently, and consistent with the legislative

intent expressed in Section 10 (d) of the Act, that adjudication became final.

Administrative bodies in this Commonwealth, although not held to the same niceties of evidentiary presentation required in a court of law, are required to function in a manner not violative of our citizens' constitutional rights, including the right to a fair hearing in accordance with due process of law. *Smith v. Pennsylvania State Horse Racing Commission,* 18 Pa. Commonwealth Ct. 1, 333 A.2d 791 (1975). Included within their right to due process, our citizens are entitled to know that at some definite time administrative proceedings involving their rights and responsibilities have been concluded. To permit an administrative agency to hold "informal hearings" after which a disposition of the issues is made, and, to permit that same agency to reopen the matter two and a half years later, during which time the witnesses' memories become more faulty (as the record in this case discloses) smacks of unfairness and a violation of due process.

In reaching this result, we want to make it clear that this Commission has statutory authority to investigate and as a part of that investigatory process it may require a licensee to attend conferences and meetings. However, when the Commission directs a licensee to attend a hearing after which a decision is announced, we cannot permit the Commission to consider such a proceeding as something less than a full due process hearing and adjudication.

We hold that under the facts of this case the Commission may not conduct a second hearing to reconsider charges which have been the subject of a prior hearing and adjudication resolved in favor of the licensee. As a result we

ORDER

AND NOW, this 23rd day of April, 1976, based upon the above discussion, the order of the State Real Estate

Commission dated April 23, 1975, is hereby reversed and it is ordered that the Real Estate Broker's License No. 22301 issued to Ronald J. Rinck be and it hereby is reinstated, subject to the provisions of the Real Estate Brokers License Act, Act of May 1, 1929, P.L. 1216, *as amended,* 63 P.S. §431 et seq.