Sunoco Oil Company *v.* Zoning Board of Adjustment. Charles Blumenthal et al., Appellants.

Argued April 2, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Jerry L. Cohen,* with him *Marvin I. Block,* for appellants.

*Sheldon L. Albert,* City Solicitor, with him *James M. Penny, Jr.,* Deputy City Solicitor, and *Ralph J. Teti,* Assistant City Solicitor, for appellees.

OPINION BY JUDGE MENCER, August 3, 1979:

Charles Blumenthal (appellant), on behalf of himself and approximately 250 residents, appeals an order of the Court of Common Pleas of Philadelphia County affirming the granting of a variance to Sunoco Oil Company (Sunoco) by the Philadelphia Zoning Board of Adjustment (Board).

On October 2, 1973, Sunoco submitted an application to the Philadelphia Department of Licenses and Inspections (Department) for a zoning and use permit to demolish an existing gas station located on the

west corner of Castor Avenue and Rhawn Street, Philadelphia. Sunoco sought to replace the station with a car wash and gas station with accessory off-street parking. The premises are located in a C-2 Commercial Zone. The Department refused to issue the permit, finding that the proposed use was not permitted under Section 14-303 of the Philadelphia Code (Code).[1] Sunoco appealed to the Board, contending that its application had met the requirements for a variance under Section 14-1802 of the Code and for a Zoning Board of Adjustment certificate under Section 14-1803 of the Code.

A public hearing was held on December 11, 1973, at which time Sunoco informed the Board it was seeking a Board *certificate*. The Board, however, stated that, since Sunoco was appealing the Department's

---

[1] Section 14-303 reads, in pertinent part:

(3) *Use Regulations—With Certificate.* The following uses will be permitted in this district only if a Zoning Board of Adjustment certificate, as hereinafter provided, is obtained, and only in completely enclosed buildings except (a), (b), (e), (f), (g), and (k) :

. . . .

(e) Automobile service station for the retail sale of automobile fuels, lubricants, radiator fluids and accessories, and for the performance indoors of incidental service and minor repairs to automobiles (not including body and fender work or painting, clutch, cylinder, differential or transmission repairs), incidental car washing indoors in an area not to exceed 400 square feet, and the inspection of automobiles; provided, the same is licensed by the Commonwealth of Pennsylvania ;

. . . .

(m) Uses customarily accessory and incidental to the uses specified in sub-paragraphs (a) through (1) above.

(n) A use of the same general character as the uses specified in sub-paragraphs (a) through (1).

denial of a use permit, it understood Sunoco to be requesting a *variance*. After indicating its disagreement with the Board, Sunoco proceeded to present expert testimony on the physical and mechanical makeup of the car wash and the commercial nature of the surrounding community and on the fact that the car wash would not unduly add to the traffic on the Castor and Rhawn thoroughfares. In addition, testimony was presented that the car wash would pose little or no fire hazard and that a maximum of one gallon of fresh rinse water per car would reach the street. The protestants countered this evidence with testimony expressing their concern over increased traffic if the car wash were permitted and potential problems associated with water coming onto Rhawn Street.

After hearing this conflicting evidence, the Board granted Sunoco a variance. The Court of Common Pleas of Philadelphia County, without taking additional testimony, affirmed, and this appeal followed.

While we agree with appellant that Sunoco is not entitled to a *variance*, the record being devoid of any evidence of unnecessary hardship, the Board's findings of fact require us to hold that Sunoco is entitled to a Board *certificate*, pursuant to Section 14-1803 of the Code.[2]

An applicant for a certificate must show that the use is within those contemplated by the applicable zoning ordinance and that the use is not contrary to

---

[2] This Court has previously held that a Board certificate is equivalent to the granting of a special exception, see *Marwood Rest Home, Inc. v. Zoning Board of Adjustment*, 22 Pa. Commonwealth Ct. 567, 349 A.2d 800 (1976), which is a separate and distinct zoning concept from a variance and which does not require a showing of unnecessary hardship. See *Devereux Foundation, Inc., Zoning Case*, 351 Pa. 478, 41 A.2d 744 (1945); *Township of Haverford v. Spica*, 16 Pa. Commonwealth Ct. 326, 328 A.2d 878 (1978). See also R. Ryan, *Pennsylvania Zoning Law and Practice* §5.1.5 (1970).

the public interest. *See Novello v. Zoning Board of Adjustment*, 384 Pa. 294, 121 A.2d 91 (1956). Here the first requisite is controlled by *Novello* where the Supreme Court, interpreting language nearly identical to Section 14-303(3)(e), (m), and (n) of the Code, *see* note 1 *supra*, found that a car wash, such as Sunoco's, was customarily accessory and incidental to, and of the same general character as, a service station and therefore a permitted use under the then applicable Philadelphia zoning ordinance. *See also Parisi v. Philadelphia Zoning Board of Adjustment*, 393 Pa. 458, 143 A.2d 360 (1958); *Garner v. Zoning Board of Adjustment*, 388 Pa. 98, 130 A.2d 148 (1957); *Cherbel Realty Corp. v. Zoning Hearing Board*, 4 Pa. Commonwealth Ct. 137, 285 A.2d 905 (1972).

With regard to the second requisite, Section 14-1803 of the Code sets forth the factors the Board considers when determining whether a use is in the public interest. Section 14-1803 provides:

(1) The Zoning Board of Adjustment shall consider the following criteria in granting a Zoning Board of Adjustment Certificate under §14-1801(1)(d):

(a) that the grant of the Certificate will not substantially increase congestion in the public streets;

(b) that the grant of the Certificate will not increase the danger of fire or otherwise endanger the public safety;

(c) that the grant of the Certificate will not overcrowd the land or create an undue concentration of population;

(d) that the grant of the Certificate will not impair an adequate supply of light and air to adjacent property;

(e) that the grant of the Certificate will not adversely affect transportation

or unduly burden water, sewer, school, park, or other public facilities;

(f) that the grant of the Certificate will not adversely affect the public health, safety, or general welfare;

(g) that the grant of the Certificate will be in harmony with the spirit and purpose of this Title, and

(h) that the grant of the Certificate will not adversely affect in a substantial manner any area redevelopment plan approved by the City Council or the Comprehensive Plan for the City approved by the City Planning Commission.

(2) The applicant shall have the duty of presenting evidence relating to the criteria set forth herein.

These criteria are identical to those in Section 14-1802 (e) to (l) which govern the issuance of a variance and which the Board specifically found were satisfied by Sunoco. A fortiori, the Board has also found that Sunoco has met the requirements of Section 14-1803. Moreover, in light of the extensive evidence presented by Sunoco on the design, safety, and operation of the car wash, we cannot say the Board abused its discretion in finding that the car wash was not against the public interest. *Compare Garner, supra, with Cherbel, supra.*

Thus, since Sunoco is entitled to a Board certificate, its proposed use being within Section 14-303 and it having met the requirements of Section 14-1803, we vacate the order of the court below and remand the record to the Court of Common Pleas of Philadelphia County with directions that the case be returned to the Philadelphia Zoning Board of Adjustment for the issuance to Sunoco of a Zoning Board of Adjustment certificate.

ORDER

AND NOW, this 3rd day of August, 1979, the order of the Court of Common Pleas of Philadelphia County, dated February 14, 1977, affirming the grant of a variance to Sunoco Oil Company, is vacated, and the record is remanded to the Court of Common Pleas of Philadelphia County with directions that the case be returned to the Philadelphia Zoning Board of Adjustment for the issuance to Sunoco Oil Company of a Zoning Board of Adjustment certificate.