Re: Appeal of Ronald Darney and William MacKenzie, Individuals. Borough of West Mifflin, Appellant.

Argued November 19, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Donald C. Fetzko,* for appellant.

*Charles E. Weston,* with him *Ronald P. Koerner, Gatz, Cohen, Segel & Koerner,* for appellees, Ronald Darney and William MacKenzie.

OPINION BY JUDGE WILLIAMS, JR., April 15, 1981:

This is an appeal by the Borough of West Mifflin (Borough) from an order of the Court of Common Pleas of Allegheny County which vacated the suspensions of Borough police officers Ronald Darney and

William MacKenzie. The court below heard the matter on an appeal to that court by Darney and Mac-Kenzie from a decision of the Borough Civil Service Commission (Commission) sustaining suspensions voted by the Borough Council.

By written notice dated December 21, 1977, Officer Darney was advised that the Borough Council had voted to suspend him from the police force for 15 days without pay, on charges of inefficiency, neglect, intemperance, and conduct unbecoming an officer. By written notice of that same date Officer MacKenzie was advised that he was suspended for 10 days without pay, on charges of intemperance and conduct unbecoming an officer. Infractions as charged against both officers are grounds for suspension, removal or reduction in rank by authority of Section 1190(4) of The Borough Code (Code).[1]

On December 23, 1977, both officers answered the charges by pleading their innocence and demanded a hearing before the Commission pursuant to Section 1191 of the Code.[2] However, allegedly on the request of the Borough's attorney, the Commission did not hold a hearing until the end of January, 1978, due to the advent of the holiday season and the Borough's need to subpoena 16 witnesses for its case against the officers. On January 10, 1978, the Commission notified the acccused that the hearing was scheduled for January 25, 1978.

On January 11, 1978, the Commission sent notice that the hearing was re-scheduled for January 27, 1978, at the request of the officers' attorney, and was fixed to begin at 7:00 P.M. on the last mentioned date.

Of the Borough's 16 subpoenaed witnesses 14 were present at the appointed time and place of the re-

---

[1] Act of February 1, 1966, P.L. (1965) 1656, as amended, 53 P.S. §46190(4).

[2] 53 P.S. §46191.

scheduled hearing. At 7:15 P.M. the case was called; but Darney and MacKenzie were not present. By 7:23 the two officers had not appeared, and as a result all the witnesses were "discharged." At 7:28 the Commission closed the hearing and ruled that the charges and penalties were to be sustained. Shortly before or shortly after the announced closing of the hearing, but after the subpoened witnesses had been "discharged," the two officers and their attorney appeared at the hearing room. They requested that the hearing be conducted; but that request was denied, even though the "discharged" witnesses were still physically present. The appeal to the lower court followed.

The reason advanced by the officers for their admitted late arrival at the hearing was adverse weather. It is undisputed in this case that the weather on the night of the hearing was inclement: it had recently snowed and the roads were icy.

In sustaining the officers' appeals and vacating the suspensions, the lower court relied on the part in Section 1191 of the Code which states:

> The commission shall grant ... a hearing which *shall* be held *within a period of ten days from the filing of charges in writing,* unless continued by the commission for cause at the request of the council or the accused. (Emphasis added.)

The lower court concluded that the officers had not been given a hearing within the 10-day period prescribed by the above Section. As an additional reason, the lower court concluded that the officers' due process rights were violated when they were denied a hearing on January 27, 1978.

It is true that a hearing was not held for Officers Darney and MacKenzie within 10 days of the date written charges were filed, December 21, 1977, as prescribed by Section 1191 of the Code. It is also true

that pursuant to the express terms of that same statutory provision the Commission had the power to grant a continuance "for cause" at the request of the Borough Council or the accused officers. Regarding the Commission's power to grant a continuance, the attorney for the Borough represented to the court below, as he does in this Court, that upon receiving the officers' demand for a hearing he asked the Commission for a postponement in holding the hearing, because he foresaw difficulty in subpoenaing 16 witnesses in the midst of the holiday season. In our view such a reason would constitute "cause" for the grant of a continuance.

However, according to the lower court's opinion such a continuance would have been unavailing, because when it was granted no hearing had been scheduled for a date within the 10-day period after the charges were filed. The lower court said:

> Since the Commission failed to set a hearing within the ten-day period set forth in the Code, we are constrained, for this reason in [sic] nonconformity with the statute alone, to reverse the Commission.

In sum, according to the court's reasoning it is only a hearing previously scheduled to be held within the 10-day period that can be continued in conformity with the terms of Section 1191 of the Code.

We do not agree with the lower court's construction of Section 1191. We do not read the Section as precluding a continuance simply because no hearing had been scheduled for a date within the 10-day period after the filing of charges. In any case such as this there can be a valid reason why a hearing could not actually be held within the 10-day period, a reason originating with one party or the other. Such a reason could appear or become known at any point in the initial 10-day period.

To meet such circumstances the legislature gave civil service commissions the power to grant continuances upon the request of the borough council involved or the accused. We do not believe that the legislature intended to restrict the power of continuance with a condition that a commission must first engage in the ritualistic scheduling of a hearing which cannot, for valid reasons, take place within the 10-day period.

In the instant case, a valid reason appears as to why it would have been difficult to hold the hearing during the 10-day period, namely, the need of the Borough Council to subpoena 16 witnesses in the course of the holiday season. It appears that because of that difficulty the commission was requested to postpone the hearing; and it appears that the request was made prior to the expiration of the 10 days after the filing of the charges. In granting the request, the Commission postponed the hearing to a time slightly over a month from the filing of the charges, a period sufficient to alleviate the Borough's witness problem but not so long as to be prejudicial to the accused. Therefore, we conclude that in the circumstances of this case there was no violation of Section 1191 of the Code when the Commission, on January 10, 1978, scheduled a hearing for January 25, 1978. That the hearing was again postponed for 2 additional days was at the request of the attorney for the accused.

However, the proceedings on January 27 are another matter. Administrative bodies in this state are required to function in a manner not violative of the citizens' rights, including the right to a fair hearing in accordance with due process of law. *State Real Estate Commission v. Rinck*, 24 Pa. Commonwealth Ct. 386, 355 A.2d 858 (1976); *see Gardner v. Repasky*, 434 Pa. 126, 252 A.2d 704 (1969); *Donnon v. Downingtown Civil Service Commission*, 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971).

We conclude that in the case at bar the accused officers were prematurely deprived of their right to be heard at the January 27 proceedings. It is true that the officers were late in arriving. But it is conceded that the weather was inclement that night, and that the officers were less than half an hour late. Additionally, the witnesses against them were still present, even though those witnesses had been technically "discharged" from their subpoenas. Given those circumstances, we can ascertain no valid reason why the officers should have been denied their request and their right to be heard. However, the proper remedy for this defect is not to vacate the suspensions but to order the Commission to grant the officers a new hearing. Accordingly, we reverse the order of the lower court; and we remand this case to that court to direct that the Commission conduct a new hearing.

ORDER

AND Now, the 15th day of April, 1981, the order of the Court of Common Pleas of Allegheny County at No. SA 144 of 1978 is reversed; and this case is hereby remanded to the said court to direct the Civil Service Commission of the Borough of West Mifflin to grant a new hearing in the above matter.

Judge WILKINSON, JR. did not participate in the decision in this case.