George Poulos et al. v. Philadelphia Zoning Board of Adjustment and Pennsylvania Hospital.

Concerned Property Owners of Immediate Area, etc. by Arlene Poulos, Trustee Ad Litem and George Poulos and Arlene Poulos, his wife, Bernard Cleff, etc., Individually, Appellants.

Argued October 10, 1980, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Lewis Kates*, with him, *James F. Guidera, Kates & Livesey, P.C.,* for appellants.

*Ronald Beifeld*, Assistant City Solicitor, with him, *James D. Coleman, Ballard, Spahr, Andrews & Ingersoll,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., April 29, 1981:

In this zoning appeal protesting property owners seek reversal of an order of the Court of Common Pleas of Philadelphia County directing the issuance of a zoning *"certificate"* to Pennsylvania Hospital (Hospital) for certain new construction. The court below heard the case when the protestants appealed

to that court from a decision of the Philadelphia Zoning Board of Adjustment (Board) granting the Hospital a *variance.*

This case arose from the plan of the Hospital to erect, in the area of 7th and Spruce Streets, a 250 car parking garage and a medical office building. The site of the proposed construction is on land conveyed to the Hospital by the Philadelphia Redevelopment Authority; and, the site is in a district zoned "R-16," or residential.

In August, 1978, the Hospital applied to the City's Department of Licenses and Inspections for the requisite permits. That application was denied because neither of the proposed structures complied with the lot line, yard, and open area requirements of the Philadelphia Zoning Code (Code), and because the structures were deemed to be for uses not permitted in a "R-16" zoning district. From that decision the Hospital filed an appeal petition with the Board.

In the Hospital's appeal petition the specifically stated ground for relief was that the denial of the permits imposed an *unnecessary hardship.* At the hearing before the Board, held in September, 1978, a witness for the Hospital stated in an opening address that the relief sought was a *variance.*[1] Protesting property owners appeared at the hearing and gave testimony in opposition to the Hospital's application. They asserted that neither the garage nor the medical office building was needed by the Hospital. They further complained that the proposed facilities would result in increased traffic and pollution, and would cause blockage of light.

---

[1] Mr. Craig Schelter, a representative of the City Planning Commission, was called by counsel for the Hospital to make a general statement of the matter under consideration by the Board. In that testimonial capacity this witness stated that the relief sought was a *variance,* and indeed, urged that one be granted.

The Board granted the Hospital a variance. Although in doing so the Board offered an opinion that the applicant could have obtained a certificate, the Board's express formal decision was that the Hospital was entitled to a *variance*. From that decision the protesting property owners appealed to the Court of Common Pleas, and the Hospital intervened.

After hearing the matter without taking additional testimony, the lower court vacated the grant of the variance. However, on the strength of the record made before the Board, the lower court determined that the Hospital was entitled to a *certificate* and directed that one be issued. It is from that determination that the protestants have appealed further to this Court.

In deciding the Hospital was entitled to a certificate, the lower court stated there was no need to consider whether the Hospital had proved an "unnecessary hardship" as to be entitled to the variance the Board had granted. But, in that same regard, the lower court made the following additional statement in its opinion:

> We note that the record appears to reflect that
> [Hospital] has failed to meet the 'very heavy
> burden' of showing that the variance was justified.[2]

Our threshold concern in the instant appeal is whether the lower court exceeded its proper scope of review. The appellants argue that since the sole matter put before the Board by the Hospital, and the sole matter put before the lower court by the protestants, was the question of the Hospital's right to a *variance,* the lower court could not properly consider the Hospital's right to a *certificate*. To resolve this issue we must consider the difference between a variance and a cer-

---

[2] Lower court's opinion, n. 3.

tificate under the Philadelphia Code: because in the instant appeal the Hospital asserts that its evidence in support of the variance also satisfied the criteria for a certificate.

The criteria for the grant of a variance are set forth in Section 14-1802 of the Code, and those for a certificate in Section 14-1803. By the terms of the Code, an applicant for either a variance or a certificate must present evidence that the grant will *not* (1) substantially increase congestion in the public streets; (2) increase the danger of fire or otherwise endanger the public safety; (3) overcrowd the land or create an undue concentration of population; (4) impair an adequate supply of light and air to adjacent property; (5) adversely affect transportation or unduly burden water, sewer, school, park, or other public facilities; (6) adversely affect the public health, safety, or general welfare; (7) be inharmonious with the spirit and purpose of the ordinance; and (8) adversely affect in a substantial manner any City-approved redevelopment plan.

However, to obtain a *variance* an applicant must present proof as to four additional zoning criteria: (a) that due to topographical features of the structure or land involved literal enforcement of the zoning restriction will result in "unnecessary hardship"; (b) that the hardship is unique to the property in question; (c) that the requested variance will not injure the appropriate use of adjacent conforming property; and (d) that the hardship did not result from the actions of the applicant.

The grant of a certificate under the Philadelphia Code is essentially equivalent to the grant of a special exception. *E.g., Marwood Rest Home, Inc. v. Zoning Board of Adjustment,* 22 Pa. Commonwealth Ct. 567, 349 A.2d 800 (1976). Unlike in a case for a variance, an applicant for a certificate (or special exception)

need not establish that the refusal of a certificate will result in an unnecessary hardship. *Novello v. Zoning Board of Adjustment,* 384 Pa. 294, 296, 121 A.2d 91, 92 (1956); *Sunoco Oil Co. v. Zoning Board of Adjustment,* 44 Pa. Commonwealth Ct. 572, 405 A.2d 566 (1979).

It follows, then, that but for the variance requirements as to unnecessary hardship and the requirement that a variance not injure the appropriate use of adjacent conforming property, the criteria for the grant of a variance and those for the grant of a certificate are identical under the Code. The proof requirements for a variance are more extensive than those for a certificate; but proof sufficient to satisfy all the criteria for a variance will include proof of the criteria for a certificate. *Sunoco Oil Co., supra.*

In the instant appeal, the appellants assert that for the lower court to have granted the certificate in the procedural context of the case below, deprived them of a fair opportunitty to meet their "burden" of showing that the grant of the certificate, or special exception, would be detrimental to the public health, safety, and welfare. It is true that under most zoning ordinances protestants have the burden of showing that the grant of a special exception will permit a use detrimental to the public health, safety, and welfare. *E.g., Zajac v. Zoning Hearing Board of Mifflin Township,* 41 Pa. Commonwealth Ct. 7, 398 A.2d 244 (1979). As put, the appellants' due process argument would seem a valid one under most zoning ordinances. *See Board of Commissioners of Upper Moreland Township v. Zoning Hearing Board of Upper Moreland Township,* 22 Pa. Commonwealth Ct. 361, 349 A.2d 507 (1975).[3]

---

[3] The *Hospital* itself makes the following concession: "[I]n most jurisdictions, if a variance were asked for and a certificate

However, the Hospital contends that the protestants were not deprived of a fair opportunity to meet a proof burden, arguing that under the Philadelphia Code the protestants have no such burden. In that argument, the Hospital relies on Section 14-1803(2) of the Code, which is one of the certificate provisions, and which in part states: "The *applicant* shall have the duty of presenting evidence relating to the criteria set forth. . . ." (Emphasis added.) We must reject the Hospital's argument in this regard, by reason of our decision in *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980).

In the *Bray* case we held that the above quoted language of Section 14-1803(2) applies only to the Code's *specific* criteria for the grant of a certificate, and not to the general, nonobjective criteria such as general detriment and those of general policy concern. In *Bray* we held that even under the Philadelphia Code protestants have the burden of presenting evidence, and the burden of persuading, that the grant of a certificate will adversely affect the public health, safety, and welfare, or be inharmonious with the purpose and spirit of the ordinance. In view of this principle, it follows that before the Hospital could be granted a certificate the protestants had to be given a fair opportunity to meet their burden. Administrative bodies in this state are required to function in a manner not violative of the citizens' rights, including the right to a fair hearing in accordance with due process of law. *State Real Estate Commission v. Rinck,* 24 Pa. Commonwealth Ct. 386, 355 A.2d 858 (1976).

---

granted, it would be unfair for the successful applicant to argue on appeal that the protestants failed to produce evidence that the application was contrary to the public interest. The protestants would have had no notice that the burden had shifted." Brief for Intervenor Appellee [Hospital] at 14-15.

It is true the protestants' gave testimony in the proceeding before the Board. Yet, that proceeding was one for a *variance only,* a proceeding in which, unlike one for a certificate, protestants had no burden of evidentiary presentation or persuasion. We cannot close from our minds the difference between participating in a proceeding in which one has a proof burden and participating in one where there is no such burden. Because the proceeding before the Board was solely for a variance, the protestants entered that proceeding with no reason to think they had the burden of proving anything.[4] In such circumstances, for the lower court to grant a *certificate* in place of the variance, and after the variance hearing, was error. *See Board of Commissioners of Upper Moreland Township, supra.*

By the lower court's decision it converted what was a completed proceeding for a variance into a completed proceeding for a certificate. By so doing, the lower court deprived the protestants of a fair opportunity to try to meet their proof burden to defeat the grant of a certificate to the Hospital. The lower court's approach to this case is not supported by our decision in *Sunoco Oil Co. v. Zoning Board of Adjustment;* for in *Sunoco* the applicant made it known at the public hearing that it was *seeking a certificate.* That was not done by the applicant, Hospital, in the instant case.

Although the lower court observed, parenthetically in a footnote, that the record in this case *"appears"* not to support the grant of a variance, the court expressly declined to decide that issue. In that regard the lower court stated:

---

[4] Counsel for the protestants stated in his opening address to the Board that the role of his clients in the proceeding was to oppose *the granting of the variance.*

In light of our determination that the Board could have granted Intervenor [Hospital] a Certificate, *we deem it unnecessary to determine* whether the Board was justified in finding that Intervenor has met the heavier burden necessary to prove that a variance was warranted. (Emphasis added.)[5]

In this the lower court erred; because the only issue properly before it was whether the Board committed a manifest abuse of discretion or error of law in granting the *variance*.[6] Accordingly, we reverse the order granting a certificate and remand this case to the lower court to enter a decision as to whether the *variance* was properly granted by the Board.

### ORDER

AND Now, the 29th day of April, 1981, the order of the Court of Common Pleas of Philadelphia County dated December 12, 1979, in the above matter, is hereby reversed; and the case is remanded to the lower court for proceedings consistent with the annexed opinion.

Judge WILKINSON, JR. did not participate in the decision in this case.

---

[5] Lower court's opinion, p. 7.

[6] *Pyzdrowski v. Pittsburgh Board of Adjustment*, 437 Pa. 481, 263 A.2d 426 (1970).