**Paul SATEACH, Appellant,**

v.

**BEAVER MEADOWS ZONING HEARING BOARD OF APPEALS.**

Commonwealth Court of Pennsylvania.

Submitted April 18, 1996.

Decided May 21, 1996.

Daniel A. Miscavige, for Appellant.

Cynthia S. Ray, for Appellee.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Paul Sateach appeals from the July 13, 1995 order of the Court of Common Pleas of Carbon County (trial court) which reversed in part and affirmed in part the decision of the Beaver Meadows Zoning Hearing Board (Board). We affirm in part and reverse in part the decision of the trial court.

Mr. Sateach owns and operates an auto body/auto repair shop called Paul's Auto Body in the Borough of Beaver Meadows. He holds three permits authorizing him to perform auto refinishing and auto repairs in an R–2 district. The original permit authorized Mr. Sateach to operate his business between the hours of 8:00 a.m. and 5:00 p.m., Monday through Saturday.[1]

On July 5, 1994, the Borough zoning officer issued Mr. Sateach a cease and desist order concerning alleged zoning violations on the business premises. Mr. Sateach was cited for the storage of tires, the sale of tires, the operation of a 24–hour towing service, operation of the business beyond the hours of 8:00 a.m. and 5:00 p.m., and parking violations. The Board held public hearings and took testimony.

On October 18, 1994, the Board issued its decision, determining that Mr. Sateach was in violation of the zoning ordinance by selling and repairing tires on the property and by operating a 24–hour towing service. The Board found, however, that the towing service operated by Mr. Sateach during *normal* business hours was incidental to the auto repair business and did not violate the zoning ordinance. The Board further found that Mr. Sateach did operate his business beyond the hours permitted in the original permit and that any operation beyond those hours constitutes a violation of the zoning ordi-

---

1. Mr. Sateach obtained the original permit granting zoning approval for the operation of an automotive refinishing shop on May 29, 1985. (R.R. at 3a.) This permit limited the hours of operation to between 8:00 a.m. and 5:00 p.m., Monday through Saturday. On August 10, 1987, Mr. Sateach obtained a second permit to build an addition to his shop which was to be used for auto body repairs. (R.R. at 8a.) On June 8, 1992, Mr. Sateach obtained a third permit for an additional garage to be used for automotive repairs. (R.R. at 10a.)

nance. The Board ordered that all violations must cease at once.

■ Mr. Sateach appealed the decision of the Board to the trial court which affirmed in part and reversed in part. The trial court held that the sale and repair of tires constitutes usual automotive repair activity within the purview of the permits granted to Mr. Sateach and reversed the decision of the Board on this issue. Also, the trial court held that a 24–hour towing service was not a customary accessory use to the operation of an auto repair service, thereby affirming the decision of the Board. The trial court further held, however, that a towing service operated *during* business hours was an accessory use requiring a separate permit from the Board. The trial court, therefore, reversed the decision of the Board insofar as it permitted operation of a towing service during normal business hours. The trial court affirmed the Board on all other matters. Mr. Sateach now appeals the order of the trial court to this Court.[2]

Mr. Sateach argues that the Board abused its discretion in finding that the 24–hour towing service is not an incidental accessory use pursuant to § 2.101 of the Borough zoning ordinance.[3] He contends that a towing service is clearly incidental to the principal use of an auto repair garage and that a 24–hour towing service is a necessary adjunct to the operation of an auto repair garage. He contends that no business will continue to operate without attracting customers and that the purpose of the towing service is to attract customers. Further, he argues that no evidence was offered to rebut his testimony that a towing service is an integral and incidental part of the operation of an auto repair garage.

■ We must reject Mr. Sateach's argument that a 24–hour towing service is incidental to the operation of an auto body/auto repair shop. The towing of vehicles onto the premises at all hours of the night would be patently disruptive and a nuisance to the residential neighborhood. In light of the fact that the auto body/auto repair shop was never permitted to operate beyond the hours of 8:00 a.m. and 5:00 p.m., the towing of vehicles onto the premises beyond those hours would violate the spirit, if not the letter, of the original permit and the zoning ordinance. Therefore, the Board did not err in holding that a 24–hour towing service violated the zoning ordinance and we affirm that aspect of the trial court's order.

The trial court reversed the Board's decision that the towing service during normal business hours was a permissible accessory use and concluded that Mr. Sateach violated the zoning ordinance by operating the towing service without a permit from the Board. Mr. Sateach argues, however, that the trial court exceeded its appellate review capacity by reviewing this issue because it was not properly before it on appeal. Specifically, Mr. Sateach argues that nowhere in the record before the Board is there any indication that he must have permits for accessory uses. The Board never addressed the issue of whether Mr. Sateach needed a permit to operate a towing service during normal business hours and the Board's decision on that issue was never appealed to the trial court.

■ The Borough zoning ordinance allows uses which are "accessory to" a permitted principal use and does not specifically require a permit for such accessory uses. Generally, accessory uses include activities which are a part of or incident to the principal use. For example, a car wash is a use accessory to and of the same general character as a garage or repair shop, gas and oil service station. *Sunoco Oil Co. v. Zoning Board of Adjustment,* 44 Pa.Cmwlth. 572, 405 A.2d 566 (1979); *see also Novello v. Zoning Board of Adjustment,* 384 Pa. 294, 121 A.2d 91 (1956); *Dale's Esso, Inc. v. Zoning Hearing Board of Upper Moreland Township,* 61 D. & C.2d

---

2. When the trial court takes no additional evidence in a zoning appeal, our scope of review is limited to determining whether the Zoning Board committed an error of law or manifestly abused its discretion. *Borough of Fleetwood v. Zoning Hearing Board of the Borough of Fleetwood,* 538 Pa. 536, 649 A.2d 651 (1994).

3. 2.101 Accessory Use or Structure. A use or building structure subordinate to and located on the same lot as the principal use or building and serving a purpose customarily incidental to the use of the principal building.

62 (Montg.1973) (towing service providing 25% of service station's total revenue is accessory use). The Board concluded that a towing service operated during normal business hours is a legitimate accessory use to an auto body/auto repair shop.

The trial court opined, however, that the zoning ordinance requires Mr. Sateach to obtain a permit to operate a towing service as an accessory use. First, the trial court found that the towing service is a change in use of the building or lot which requires a permit under Section 6.101 of the zoning ordinance. The trial court further relies upon Section 4.201 of the zoning ordinance which lists permitted uses which do not require special action by the Board or Planning Commission. An accessory use in an R–2 district is not listed. The trial court concluded that an accessory use in an R–2 district requires a permit. With due respect to the trial court, we disagree.

An accessory use is simply a use subordinate to the principal use and which is customarily incidental to the principal use. Once something is defined as an accessory use, it is allowed by right. *See Food Corporation v. Zoning Board of Adjustment of the City of Philadelphia,* 384 Pa. 288, 291, 121 A.2d 94, 95–96 (1956) (If use of land for off-street parking is accessory use customarily incidental to operation of restaurant, applicant is entitled to accessory use as matter of right.)

■ The trial court erred in holding that the towing of vehicles onto the business premises with the intention of fixing them is a *change* in use of the building or lot. Although it may not constitute actual "repair" of the vehicle, towing a disabled vehicle to the lot to be repaired is clearly a use which is customary and incidental to the repair itself. Hence, a towing service operated during normal business hours is a customary accessory use incidental to the previously permitted automotive refinishing, auto body repairs and automotive repairs. (See footnote 1). Mr. Sateach does not need a permit for daytime towing because he already has a permit for the principal auto body and repair uses and here the right to the accessory use flows from the permitted principal uses.

We hold, therefore, that the trial court erred as a matter of law in concluding that the zoning ordinance required Mr. Sateach to obtain a permit for the operation of a towing service during normal business hours. Accordingly, we reverse the order of the trial court regarding this issue and affirm the decision of the Board which found that Mr. Sateach did not violate the zoning ordinance by conducting a towing service during normal business hours.

Mr. Sateach further contends that he did not violate the zoning ordinance by operating before 8:00 a.m. and after 5:00 p.m., arguing that the operational hours limitation placed upon the original permit was never renewed in the subsequent permits. He argues that the subject of the third permit, the automotive repairs use, is under no limitation as to the time of operation. He further argues that there is no testimony to support an ongoing or consistent violation of the operational hours limitation and that the occasional operation of the business beyond 5:00 p.m. was merely to clean up, move the business' vehicles and allow customers to pick up their cars.

■ Although we disagree with Mr. Sateach's argument that the absence of the operational hours limitation in the subsequent permits allows him to operate the business beyond those hours, we find that the evidence presented to the Board as to the operation of the business beyond the hours allowed was insufficient to establish a violation of the zoning ordinance. We specifically find that any alleged infraction of the operational hours limitation is *de minimis* in nature. The evidence of the alleged violation consisted of the zoning officer's testimony regarding his personal observations and Mr. Sateach's admission that he sometimes operated the business beyond 5:00 p.m. (R.R. at 39a, 75a.) However, the "operation of the business" consisted of employees cleaning up and moving vehicles and customers picking up their cars. There was no evidence offered to indicate that Mr. Sateach or his employees continued to work on vehicles after the prescribed hours. Although it might behoove Mr. Sateach to make more of an effort to

close shop closer to five than six, we cannot conclude that the evidence of his past actions show a clear violation of the zoning ordinance. Therefore, we reverse the order of the trial court and find no violation of the after-hours operation restriction.

 In its brief as appellee, the Board argued that the trial court erred in reversing its decision that Mr. Sateach violated the zoning ordinance by operating a tire center on the premises. However, because Mr. Sateach is the only party to appeal the trial court's order and he did not appeal any tire center issue, we are without jurisdiction to address this issue. An appellee may not raise issues on appeal not raised by the appellant except by filing a cross-appeal. *See* Pa. R.A.P. 903(b). No interested party has filed a cross-appeal as to this issue. Where an appellee addresses an issue on appeal not raised by the appellant and not addressed in a cross-appeal, the issue is deemed waived. *Barnes v. McKellar,* 434 Pa. Superior Ct. 597, 644 A.2d 770, *petition for allowance of appeal denied,* 539 Pa. 663, 652 A.2d 834 (1994); *Ridley School District v. Unemployment Compensation Board of Review,* 161 Pa.Cmwlth. 573, 637 A.2d 749, *petition for allowance of appeal denied,* 537 Pa. 669, 644 A.2d 1204 (1994). Therefore, the Board waived the issue of whether Mr. Sateach violated the zoning ordinance by operating a tire center on the premises by not filing a cross-appeal of the trial court's order to this Court.

For the reasons stated above, we affirm that portion of the trial court's order holding that Mr. Sateach may not operate a towing service after 5:00 p.m. and before 8:00 a.m. We reverse the order of the trial court holding that Mr. Sateach violated the zoning ordinance by operating a towing service during *normal* business hours without a permit and by operating the business beyond the hours permitted in the original land use permit. We conclude that towing service during normal business hours was a valid accessory use, but that after hours towing was not. We also conclude that although the hours limitation of the original permit still applies, the testimony in the record showed only a *de minimis* violation thereof.

*ORDER*

**AND NOW,** this 21st day of May, 1996, the order of the Court of Common Pleas of Carbon County dated July 13, 1995 is hereby affirmed in part and reversed in part.

That portion of the order which relates to the fact that Mr. Sateach may not operate a towing service after 5:00 p.m. and before 8:00 a.m. is hereby affirmed.

That portion of the order that holds that Mr. Sateach violated the zoning ordinance by operating a towing service during normal business hours without a permit and by operating the business beyond the hours permitted in the original land use permit is reversed.