IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Montgomery County,                          :
                    Appellant             :
                             :
                             :
      v.                                      :  No. 228 C.D. 2022
                             :
Megan Brock                                  :  Submitted:  July 1, 2022

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ELLEN CEISLER, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
JUDGE CEISLER                                  FILED:  September 28, 2022

Before this Court is the appeal of Montgomery County (County) from the February 7, 2022 orders of the Montgomery County Court of Common Pleas (trial court), which denied the County's petition seeking leave to appeal a decision of the Pennsylvania Office of Open Records (OOR) *nunc pro tunc* (Petition), and which granted the motion filed by Megan Brock (Brock) to quash the Petition.  After review, we affirm the trial court.

## I. Background

The facts in this matter are undisputed.  On March 16, 2021, Brock filed a request under the Right-to-Know Law (RTKL),[1] seeking copies of the following:

> [A]ll communications, emails, presentations, and documents received by any [County] Department of Health staff or directors from June 1, 2020[,] to Mach [sic] 15, 2021[,] that reference the following terms: CHOP, Children's Hospitals of Pennsylvania, Policy lab, Dr.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Rubin, Pilot testing program, assurance testing program, in school COVID rapid testing, Dr. Damsker, Val Arkoosh.

Reproduced Record (R.R.) at 12a. On April 22, 2021, the County indicated that the responsive records for the request consisted of 124,007 pages, which required prepayment of duplication costs in the amount of $31,001.75. *Id.* That same day, Brock filed a second RTKL request seeking the following:

Copies of all communications, emails, presentations, and documents received by [County] staff or directors on the domain monctopa.org from December 10, 2020[,] to December 22, 2020[,] that reference the following terms: Dave Rubin, Rachel Levine, Sec. of Health, Secretary of Health, CLIA licenses, CLIA license, Michael Huff.

*Id.*

As the records responsive to the second request consisted of 4,579 pages, the County sought prepayment of duplication costs in the amount of $1,189.75. *Id.* Brock challenged the costs assessed by the County to the OOR, which consolidated the matters and granted Brock's appeal on July 6, 2021, after concluding that the County failed to establish a right to prepayment of costs. *Id.* at 13a, 18a.

The OOR's final determination relied on *Department of Education v. Bagwell*, 131 A.3d 638, 654 (Pa. Cmwlth. 2016), in which this Court held that an agency may only pass on duplication costs that relate to the "pages to which an agency is granting access." While Section 1307(h) of the RTKL allows an agency to require prepayment of any fees associated with a RTKL request where the total is expected to exceed $100, Section 1307(g) specifies that such fees must be reasonable, and an agency may not impose a fee for reviewing a record to determine whether it is an accessible public record. 65 P.S. § 67.1307(g)-(h). The OOR found that it was

2

unclear whether the County limited its records search by the terms specified in each RTKL request or if the County's search results included emails that Brock had not sought. R.R. at 17a. The OOR also found that the County provided no evidence to support its assertion that the records could not be redacted electronically and provided in electronic format. *Id.* Furthermore, the County's statement that it reviewed the records to determine their accessibility under the RTKL was refuted by the affidavits of Joshua Stein (Attorney Stein), the County's solicitor and open records officer, who advised that the records must be reviewed manually to separate records that "may require legal review or redaction from those [that] might be public records not subject to any exception[.]" *Id.* As a result, the County had not established the number of pages that would "actually need to be duplicated[.]" *Id.* The OOR noted that neither Section 1307 of the RTKL nor the OOR's fee schedule permitted an agency to charge duplication fees for the purpose of reviewing records in hard copy. *Id.* at 18a. Accordingly, the OOR directed that the County provide the responsive records within 30 days, subject to permissible copying fees, with redactions made electronically, if possible. *Id.*

The OOR's July 6, 2021 final determination indicated that the County had 30 days to appeal its decision to the trial court. *Id.* On September 9, 2021, when the County failed to provide the records responsive to her RTKL requests, Brock filed an action in mandamus with the trial court, seeking enforcement of the OOR's final determination. *Id.* at 22a. In a September 9, 2021 email to Attorney Stein, Brock's counsel inquired whether Stein would accept service of the mandamus complaint on the County's behalf. *Id.* After receiving no response from Attorney Stein, Brock arranged for service by the County Sheriff's Office, which occurred on October 27,

3

2021. *Id.* at 23a. The County filed the Petition seeking *nunc pro tunc* relief on November 16, 2021. *Id.* at 2a.

In support of the Petition, the County asserted that "the [COVID] pandemic, associated staff quarantines[,] and staffing shortages related to the [COVID] pandemic, mail delays, and office closings in 2021" caused "an administrative breakdown on the part of the County." *Id.* at 6a. The County also blamed its late appeal on "an unprecedented number of [RTKL requests] related to the rapidly changing laws and regulations pertaining to the [COVID] pandemic[] and election related processes." *Id.* The County noted that it filed a timely appeal on a "nearly identical matter[.]" *Id.* Therefore, granting the Petition would put each case on "equal footing," with no prejudice to Brock or the interests of justice. *Id.* Otherwise, the County suggested that it would be obligated to release the personal medical information of "potentially thousands of County residents," including that of minor children, in violation of their constitutional rights and federal and state law. *Id.*

Brock filed a motion to quash the Petition on December 27, 2021, arguing that the County's negligent failure to file a timely appeal did not warrant *nunc pro tunc* relief. *Id.* at 21a, 23a. Brock asserted that the County was apprised of the need to appeal the OOR's decision on multiple occasions, as it received the OOR's final determination on July 6, 2021, Attorney Stein received a copy of Brock's mandamus complaint in the September 9, 2021 email from Brock's counsel, and the County was formally served a copy of the mandamus complaint on October 27, 2021. *Id.* at 24a, 69a, 78a. Despite such notice, the County only filed the Petition seeking *nunc pro tunc* relief with the trial court on November 16, 2021. *Id.* at 24a.

At a February 7, 2022 hearing before the trial court, Attorney Stein acknowledged that the County requested prepayment of duplication costs so that it

4

could "review and redact" records that would be protected from disclosure by federal or state law. *Id.* at 48a. He also acknowledged that the County "failed to appeal the [OOR's decision] in a timely fashion" due to "an administrative breakdown on the part of the County." *Id.* at 49a, 57a-58a. Nevertheless, Attorney Stein argued that the County's failure to file a timely appeal "should not require the disclosure of records" in violation of the law. *Id.* at 50a.[2] In response, Brock's counsel argued that the County failed to file its appeal despite having multiple opportunities to do so, and no circumstances existed that would justify *nunc pro tunc* relief. *Id.* at 54a.

The trial court denied the Petition and granted Brock's motion to quash in separate orders issued on February 7, 2022. Original Record (O.R.), Item Nos. 13-14. This appeal followed.[3] In its opinion supporting the February 7, 2022 orders, the trial court noted that an appeal *nunc pro tunc* is appropriate when the delay in filing an appeal is due to "extraordinary circumstances involving fraud, or some breakdown in the court[']s operation through a default of its officers." O.R., Item No. 19, trial ct. op. at 2. *Nunc pro tunc* relief is not warranted where the late filing is due to the moving party's negligence. *Id.* The trial court found that the County's delay in appealing was due to its own negligence, and the County failed to establish "extraordinary circumstances involving fraud or a breakdown in the court[']s

---

[2] We assume this argument is based on the County not having additional time to properly redact the records prior to release. Beyond the reference to the County's administrative breakdown, counsel makes no attempt to argue the elements required for *nunc pro tunc* relief.

[3] Our review of the trial court's decision is limited to determining whether the findings of fact are supported by competent evidence, whether the trial court committed an error of law, or whether the trial court abused its discretion in reaching a decision. *In re Right to Know Law Request Served on Venango Cnty.'s Tourism Promotion Agency & Lead Econ. Dev. Agency*, 83 A.3d 1101, 1104 n.3 (Pa. Cmwlth. 2014).

operation through a default of its officers." *Id.* at 3. Therefore, the trial court urged that this Court affirm its February 7, 2022 orders.

## II. Issue

The issue before this Court is whether the trial court erred in denying the County's Petition and granting Brock's motion to quash the Petition.

## III.   Discussion

Section 1302(a) of the RTKL, 65 P.S. § 67.1302(a), pertinently provides that "[w]ithin 30 days of the mailing date of the [OOR's] final determination relating to a decision of a local agency," the local agency may file an appeal with the court of common pleas in the county where the local agency is located. The definition of "local agency" under Section 102 of the RTKL, 65 P.S. § 67.102, includes a political subdivision. As the County does not dispute that it is a political subdivision and OOR mailed its final determination on July 6, 2021, the County had until August 5, 2021, to file its appeal. The County's Petition seeking *nunc pro tunc* relief was filed more than four months later, on November 16, 2021.

A party must strictly adhere to the statutory provisions for filing an appeal, and the time for taking an appeal will not be extended as a matter of grace or mere indulgence. *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001) (internal citations omitted). An appeal *nunc pro tunc* will be allowed where the appeal was untimely filed due to fraud or a breakdown in the administrative process. *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979). *Nunc pro tunc* relief is also appropriate where an appeal is untimely due to non-negligent circumstances, as they relate to the appellant or the appellant's counsel, where the appellant's notice of appeal was filed shortly after the expiration date, and where the appellee is not prejudiced by the delay. *Criss*, 781 A.2d at 1159. A *nunc pro tunc* appeal in non-

6

negligent circumstances only applies "in unique and compelling cases" in which the appellant establishes that it attempted to file an appeal but was precluded from doing so by "unforeseeable and unavoidable events[.]" *Id.* at 1160. Furthermore, the appellant must demonstrate that the delay in filing is not attributable to the appellant's negligence. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130 (Pa. 1996).

The County's arguments largely reiterate those it made before the trial court. It "acknowledges that an element of negligence" existed with respect to the County's failure to file a timely appeal, but suggests that such failure took place "in the midst of extraordinary circumstances[,]" consisting of the COVID pandemic, receipt of "an unprecedented number of [RTKL] requests[,]" and staffing shortages. County Br. at 8-9. The County notes that, in its capacity as a political subdivision, the County would be permitted to file a civil action that would otherwise be time-barred by the statute of limitations under the doctrine that "time does not run against the king[,]" unless a statute expressly states otherwise. *Id.* at 10. A political subdivision similarly does not lose its right to raise the defense of sovereign immunity should its counsel fail to raise it at the appropriate time in a proceeding. *Id.* The County argues that, because such "litigation errors" by a political subdivision are excused in other circumstances, the County should likewise be excused for failing to timely appeal the OOR's final determination. *Id.* at 11-12. The County cites no precedent for granting a political subdivision *nunc pro tunc* relief based on its own negligent failure to file a timely appeal.

The County also suggests that *nunc pro tunc* relief is appropriate considering the administrative burden faced by the County in reviewing, redacting, and producing an estimated 128,586 pages of records, at taxpayer expense, without the

prepayment of more than $32,000 in expected duplication costs and within 30 days of the OOR's final determination. *Id.* at 13. The County further cites as a basis for relief the potential exposure of legally protected health information, given that the OOR directed production of the responsive records within 30 days. The County suggests it is entitled to relief given this timeframe, and the volume of records involved, as the County will have to choose between thoroughly reviewing the records and producing them in an untimely manner, thus exposing the County to penalties under Section 1305(b) of the RTKL,[4] or providing a timely response without undertaking the careful review required of documents containing protected information. Moreover, the County argues that there is no guarantee Brock will pay the high anticipated cost of duplicating the responsive records. Finally, the County argues that the OOR's final determination in this matter conflicts with another OOR determination involving a "nearly identical request" made by Brock.[5] *Id.* at 15. Allowing the instant OOR determination to stand would create "confusion and uncertainty that is contrary to the public interest." *Id.*

Brock argues that the County's admitted negligence in failing to appeal the OOR's July 6, 2021 final determination until it filed the Petition more than four months later does not establish the extraordinary circumstances necessary for *nunc pro tunc* relief. As to the County's alleged administrative burden, Brock notes that,

---

[4] Section 1305(b) of the RTKL authorizes the imposition of penalties for each day an agency fails to comply with a court order directing the production of records. 65 P.S. § 67.1305(b).

[5] The County is correct that Brock filed a substantively similar RTKL request in *Brock v. Montgomery County Intermediate Unit #23*, (Pa. Off. Open Recs., No. AP 2021-1073, filed July 1, 2021), 2021 WL 2789035 (*MICU*). The issue resolved by the OOR in *MICU*, however, concerned whether Brock's RTKL request was insufficiently specific. The OOR's resolution in *MICU* is unrelated and irrelevant to its determination that the County was not entitled to prepayment of duplication costs in the instant matter, and we do not perceive how affirming the OOR would create "confusion and uncertainty."

as of the date she filed her principal brief in the instant appeal, nearly a year has passed from the date the OOR issued its final determination, during which period the County could have produced the requested records. Brock argues that the RTKL necessarily imposes an administrative burden on any local agency responding to a RTKL request, and the County should direct its complaints in that regard to the legislature, not the courts. With respect to the County's public policy argument that the appeal deadline should not apply to a political subdivision, Brock points out that the appeal period set forth in Section 1302(a) expressly applies to local agencies, such as the County. Finally, arguing that the County's delay in complying with the OOR's final determination constitutes bad faith, Brock asks that this Court impose attorney's fees and litigation costs, as provided in Section 1304(a)(1) of the RTKL, and impose a civil penalty of $1,500 per record, pursuant to Section 1305(a) of the RTKL.[6]

We must reject the County's arguments, as the record demonstrates that the County's own negligence was the cause of its failure to timely appeal the OOR's July 6, 2021 final determination. There is no evidence of an administrative breakdown on the part of an entity other than the County, and the County acknowledged in its answer to Brock's motion to quash that it received notice of the July 6, 2021 final determination, and Attorney Stein, the County's solicitor and open records officer, received a copy of Brock's mandamus complaint in a September 9, 2021 email from her counsel. While the County was officially served Brock's

---

[6] Section 1304(a)(1) of the RTKL, 65 P.S. § 67.1304(a)(1), provides that, where a court grants access to a record after the request was deemed denied, the court may award reasonable attorney's fees and costs of litigation where the agency receiving the request "willfully or with wanton disregard deprived the requester of access to a public record" accessible under the RTKL or otherwise acted in bad faith. Section 1305(a) of the RTKL, 65 P.S. § 1305(a), authorizes the imposition of "a civil penalty of not more than $1,500 if an agency denied access to a public record in bad faith."

mandamus complaint on October 27, 2021, the County waited an additional 20 days before filing its November 16, 2021 Petition seeking *nunc pro tunc* relief. Simply put, the County was apprised of the need to appeal the OOR's final determination on multiple occasions but neglected to take any action for several months.

We do not dispute the County's assertion that the COVID pandemic affected the County's ability to respond to RTKL requests. It is noteworthy, however, that the COVID pandemic was declared by the World Health Organization on March 11, 2020,[7] more than a year before Brock submitted her RTKL requests. Therefore, difficulties arising as a result of the COVID pandemic cannot be characterized as "unforeseeable and unavoidable events[.]" *Criss*, 781 A.2d at 1160. Furthermore, the County presented no evidence demonstrating the number of RTKL requests it received during the relevant time period, or the staff available to respond thereto, that would have affected the County's ability to file a timely appeal. We likewise do not dispute that responding to Brock's RTKL requests will impose a substantial administrative burden on the County. The outcome of the County's appeal to this Court will have no effect on that burden, however, as the County remains obligated to provide Brock the responsive records after redacting any information that is not subject to disclosure under the RTKL or other legal authority. As the OOR recognized in its final determination, the County could have requested additional time to respond to Brock's RTKL requests, pursuant to *Pennsylvania State System of Higher Education v. Association of State College & University Faculties*, 142 A.3d 1023 (Pa. Cmwlth. 2016) (OOR may grant additional time to review records where agency identifies "a valid estimate of the number of documents being

_____

[7] *See* https://time.com/5791661/who-coronavirus-pandemic-declaration/ (last viewed Sept. 27, 2022).

requested, the length of time require[d]" to review the records, and any difficulties involved with delivering documents kept in an electronic format).

The County's policy argument that the time limitations in Section 1302 of the RTKL should not apply because a political subdivision may be absolved of other "litigation errors" is also meritless. The appeal period in Section 1302 of the RTKL is mandatory and unquestionably applies to the County. In the absence of any legal authority that would permit this Court to extend that period, we decline to do so.

Regarding the attorney's fees, litigation costs, and civil penalties sought by Brock, we note that attorney's fees and litigation costs under Section 1304(a)(1) of the RTKL are authorized where a court grants access to a record and the original request for access was deemed denied. A record request is deemed denied under Section 901 of the RTKL where an agency fails to respond within five days of a written request for access. 65 P.S. § 67.901. Brock has not alleged that the County failed to respond to either RTKL request within five days. Rather, the County requested additional time to respond to her first RTKL request. Thereafter, the County requested prepayment of the costs associated with duplicating the requested records. There is no evidence to suggest that the County failed to respond to the second RTKL request within five days, such that it could be deemed denied. With respect to the civil penalties requested, Section 1305(a) only authorizes a civil penalty of not more than $1,500 where access to a record is denied in bad faith. The County's request for prepayment of duplication costs does not constitute a denial of access to a public record, nor does it suggest bad faith on the County's part, given the volume of records involved. Moreover, as the County indicates in its reply brief, although Brock sought attorney's fees and civil penalties in her motion to quash and

in her opposition to the Petition,[8] the trial court made no such award in its February 7, 2022 orders granting the motion to quash and denying the Petition, and the trial court did not address the matter in its subsequent opinion filed on March 29, 2022. Brock did not appeal the trial court's orders, and, therefore, to the extent Brock seeks this Court's consideration of the trial court's failure to address her request for attorney's fees and penalties, the issue is waived. *See Sateach v. Beaver Meadows Zoning Hearing Bd. of Appeals*, 676 A.2d 747, 751 (Pa. Cmwlth. 1996) (appellee must file a cross-appeal to raise issues on appeal that are not raised by appellant; issues not raised by appellant or addressed in appellee's cross-appeal are waived).

Ultimately, as the County has not established a right to appeal the OOR's July 6, 2021 final determination *nunc pro tunc*, we affirm the trial court.[9]

_____
ELLEN CEISLER, Judge

---

[8] Although Brock sought the imposition of "court costs" in her answer to the Petition, she did not request such costs in her motion to quash. R.R. at 25a, 32a.

[9] Brock also argued that this Court should quash the County's appeal to this Court, as it should have filed a separate appeal to each order issued by the trial court. Given our disposition herein, we decline to address this argument.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Montgomery County,  :
           Appellant :
            :
     v. : No. 228 C.D. 2022
            :
Megan Brock :

## O R D E R

AND NOW, this 28th day of September, 2022, the February 7, 2022 orders of the Court of Common Pleas of Montgomery County denying Montgomery County's (County) petition for leave to file a *nunc pro tunc* appeal (Petition) and granting Megan Brock's motion to quash the Petition are hereby AFFIRMED.

_____
ELLEN CEISLER, Judge